UNITED STATES *v.* CARTIER (INC.) (No. 2926); CARTIER (INC.) *v.* UNITED STATES (No. 2927)[1]

United States Court of Customs Appeals, December 5, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Kenneth G. Osborn,* special attorneys, of counsel), for the United States.
*Curie, Lane & Wallace* (*Thomas M. Lane* of counsel) contra.

[Oral argument October 4, 1927, by Mr. Carter and Mr. Lane]

Before GRAHAM, Presiding Judge, and SMITH, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Merchandise in chief value of platinum was classified by the collector of customs at the port of New York as unfinished jewelry

[1] T. D. 42493.

and assessed for duty at 80 per centum ad valorem under that part of paragraph 1428 of the Tariff Act of 1922 which reads as follows:

1428. Jewelry, commonly or commercially so known, *finished or unfinished*, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; * * * (Italics not quoted.)

The importer claimed that the merchandise was dutiable either at 60 per centum ad valorem under paragraph 399 as an article in chief value of platinum, not specially provided for, or at 75 per centum ad valorem under paragraph 1428 as a material of metal suitable for the manufacture of jewelry. The parts of paragraphs 399 and 1428 upon which the importer based its claims read as follows:

399. Articles or wares not specially provided for, *if composed wholly or in chief value of platinum* * * * whether partly or wholly manufactured, *60 per centum ad valorem.*

1428. *Materials of metal*, whether or not set with glass or paste, *finished or partly finished* * * * *suitable for use in the manufacture of any of the foregoing articles in this paragraph*, 75 per centum ad valorem. (Italics not quoted.)

The United States Customs Court adjudged that the imported merchandise was a material of metal suitable for use in the manufacture of jewelry and dutiable at 75 per centum ad valorem as provided under the last provision of paragraph 1428.

From the judgment of the court below both the Government and the importer appealed. In support of its appeal the Government contends that the article imported is unfinished jewelry, dutiable at 80 per centum ad valorem under paragraph 1428 and that the collector's classification was, therefore, correct. The importer argues that the importation is an article composed in chief value of platinum, dutiable at 60 per centum ad valorem, and that that claim of the protest should have been sustained.

The testimony in the case and the sample in evidence establish that the merchandise under consideration is in chief value of platinum and is composed of crystal and rectangular platinum links, fitted with a metal device to fasten the article around the wrist. Beyond doubt the merchandise is part of a bracelet which has been so far advanced that in order to constitute it a completed bracelet nothing remains to be done, according to the evidence, except to mount diamonds of appropriate sizes in the places provided therefor on the platinum links. The manufacturing processes to which the merchandise has been subjected have rendered it commercially unfit for any purpose other than that of manufacturing the particular article of jewelry known as a bracelet. Indeed, the importation has been so far manufactured and advanced that it must be mounted with stones of special sizes which will fit in the settings provided. The article under discussion is unquestionably part of a platinum bracele' and had Congress provided for parts of jewelry, it might well

classified under that designation. As no provision was made, however, for parts of jewelry in the Tariff Act of 1913 or in the Tariff Act of 1922, that classification of the importation can not be made.

Paragraph 356 of the tariff act of 1913 subjected jewelry above 20 cents per dozen pieces to a duty of 60 per centum ad valorem and then subjected divers other articles and *parts thereof*, finished or partly finished, to a duty of 60 per centum ad valorem. It is possible that Congress intended to provide for parts of jewelry, but due to the arrangement of paragraph 356, failed to express that intention, and this court in *Mamluck & Co.* v. *United States*, 6 Ct. Cust. Appls. 556, T. D. 36198, definitely decided that paragraph 356 did not provide for parts of jewelry. Paragraph 1428 of the act of 1922 amended paragraph 356 of the act of 1913 and specifically provided for jewelry, finished or *unfinished*, and subjected to a duty of 80 per centum ad valorem both finished and *unfinished jewelry of whatever material composed*. The designation "all the foregoing and parts thereof, finished or partly finished, composed of metal" has no broader application in paragraph 1428 of the act of 1922 than that accorded by *Mamluck* v. *United States*, *supra*, to the same designation in paragraph 356 of the act of 1913.

The court is of the opinion, however, that the provision for "jewelry * * * unfinished" was designed by Congress to remedy, to some degree at least, the defect called to its attention by the *Mamluck* case and to provide that an article so far processed that it was definitely committed to the manufacture of a particular kind of jewelry, but not completed, should be subjected to the rate for unfinished jewelry.

Certainly a part of jewelry, such as that involved in this case, which has been so far advanced as to unmistakably indicate the particular article of jewelry which it will become when completed and which is commercially unfitted in its condition as imported for the making of anything else, is unfinished jewelry. A platinum wristlet, designed to be worn on the wrist as an ornament when the settings thereon provided have been filled with precious stones, is finally commercially committed not only to the manufacture of jewelry but to the making of that particular kind of jewelry known as a bracelet. The unfinished bracelet is, consequently, unfinished jewelry. To hold otherwise would render the 1922 amendment to paragraph 356 of the act of 1913 wholly inoperative and leave without effect additional legislation which had and could have no purpose except to repair to some extent the deficiency in a prior enactment, pointed out by this court.

The wristlet is composed in chief value of platinum and in the absence of a provision for parts of jewelry or for unfinished jewelry,

would be classified as a material of metal suitable for use in the manufacture of jewelry. As there is a provision for unfinished jewelry and as that provision is applicable to such articles as have been so far processed that they are definitely committed to a particular article of jewelry, it is apparent that the platinum wristlet is more specifically provided for as "unfinished jewelry" than as "materials of metal suitable for use in the manufacture of jewelry."

If the designation "unfinished jewelry" be more specific than the designation "materials of metal * * * finished or partly finished and suitable for use in the manufacture of jewelry," it is evidently more specific than the designation "articles or wares not specially provided for, if composed wholly or in chief value of platinum." The provision for articles or wares in chief value of platinum is limited by paragraph 399 to such articles or wares as are not specially provided for and as the platinum wristlet is specially provided for as unfinished jewelry in paragraph 1428, that paragraph must be preferred to paragraph 399 for the purposes of classifying the importation.

The judgment of the United States Customs Court is reversed.
*Reversed* and *remanded*.