UNITED STATES *v.* JOHN WANAMAKER (No. 3127)[1]

[1] T. D. 43266.

United States Court of Customs Appeals, February 16, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and *Oscar Igsteadter,* special attorneys, of counsel), for the United States.

*Allan R. Brown* (*Jacob L. Klingaman* of counsel) for appellee.

[Oral argument December 5, 1928, by Mr. Igstaedter and Mr. Klingaman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and BARBER (retired), Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

The imported merchandise consists of pieces of cotton canvas, stamped with designs in various colors, and silk yarn and wool yarn, in corresponding colors, intended to be embroidered over the designs. Each bundle of yarn—silk or wool, as the case may be—was imported with the particular canvas on which it was designed to be used. When, by the use of the yarn, the design on the canvas has been embroidered, the embroidered article is used for making hand bags, bell pulls, hassocks, and cushion, chair, and bench covers. The canvas and the yarns are sold together.

The pieces of cotton canvas and the wool yarn which accompanied them were assessed for duty by the collector at the port of New York as manufactures of wool, at 50 per centum ad valorem under paragraph 1119 of the Tariff Act of 1922, which reads as follows:

PAR. 1119. All manufactures not specially provided for, wholly or in chief value of wool, 50 per centum ad valorem.

The pieces of cotton canvas and the silk yarn which accompanied them were assessed for duty as manufactures of silk, at 60 per centum ad valorem under paragraph 1211, which reads as follows:

PAR. 1211. All manufactures of silk, or of which silk is the component material of chief value, not specially provided for, 60 per centum ad valorem.

It was the theory of the collector that the pieces of cotton canvas and the yarn which accompanied them—in some instances silk and in others wool—were entireties for duty purposes.

The importer contended that the articles were not entireties; that the pieces of cotton canvas were separately dutiable at 40 per centum ad valorem as manufactures of cotton under paragraph 921; that the wool yarn was dutiable as such at 36 cents per pound and 40 per centum ad valorem under paragraph 1107; and that the silk yarn was dutiable at the appropriate rate therefor under paragraph 1202.

The paragraphs in question read as follows:

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

PAR. 1107. Yarn, made wholly or in chief value of wool, valued at not more than 30 cents per pound, 24 cents per pound and 30 per centum ad valorem; valued at more than 30 cents but not more than $1 per pound, 36 cents per pound and 35 per centum ad valorem; valued at more than $1 per pound, 36 cents per pound and 40 per centum ad valorem.

PAR. 1202. Spun silk or schappe silk yarn, or yarn of silk and artificial silk, and roving, in skeins, cops or warps, if not bleached, dyed, colored, or advanced beyond the condition of singles by grouping or twisting two or more yarns together, on all numbers up to and including number 205, 45 cents per pound, and in addition thereto ten one-hundredths of 1 cent per number per pound; exceeding number 205, 45 cents per pound, and in addition thereto fifteen one-hundredths of 1 cent per number per pound; if advanced beyond the condition of singles by grouping or twisting two or more yarns together, the specific rate on the single yarn and in addition thereto 5 cents per pound cumulative; if bleached, dyed, or colored, the specific rate on unbleached yarn and in addition thereto 10 cents per pound cumulative: *Provided*, That any of the foregoing on bobbins, spools, or beams, shall pay the foregoing specific rates, according to the character of the yarn or roving, and in addition thereto 10 cents per pound: *Provided further*, That none of the foregoing single yarn or roving shall pay a less rate of duty than 40 per centum ad valorem: *And provided further*, That none of the foregoing two or more ply yarn shall pay a less rate of duty than 45 per centum ad valorem. In assessing duty on all spun silk or schappe silk yarn, or yarn of silk and artificial silk, and roving, the number indicating the size of the yarn or roving shall be determined by the number of kilometers that weigh one kilogram, and shall, in all cases, refer to the size of the singles: *And provided further*, That in no case shall the duty be assessed on a less number of yards than is marked on the skeins, bobbins, cops, spools, or beams.

The court below held that the merchandise was not dutiable as entireties; that the pieces of cotton canvas were dutiable at 40 per centum ad valorem under paragraph 921, *supra;* that the wool yarn was dutiable at 36 cents per pound and 40 per centum ad valorem under paragraph 1107, *supra;* and that the silk yarn was dutiable at 45 per centum ad valorem under paragraph 1202, *supra.*

The sole issue presented by counsel is: Are the imported articles dutiable as entireties, or are they dutiable separately?

Counsel for the Government contends that, as the canvas and the yarns are sold together and are intended to be used together, they

are dutiable as entireties. It is argued that the issue in this case is controlled by our decision in the case of *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232. The merchandise there involved consisted of untrimmed cotton corsets and "madeup lace trimmings." The lace trimmings were designed to be attached to the corsets. Each trimming was marked with a number and size to indicate to which of the untrimmed corsets it was to be attached. This court, in an opinion by Graham, Presiding Judge, gave careful consideration to the question of entireties, and, after reviewing many of the decisions on the subject, said:

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

It will be observed that the untrimmed corsets and the lace trimmings therefor were considered as "parts," designed to be used together by mere assembly. When the parts were assembled, a new article was formed—a lace-trimmed cotton corset. Measured by the rule thus stated, are the articles in question dutiable as entireties? We think not.

The pieces of cotton canvas and the yarn—silk in some instances and in other, wool—are not "parts" capable of being attached or put together by mere assembly. On the contrary, they are mere materials and are intended to be used as such in a process of manufacture, requiring either hand work or machine work to complete the article. It may be that one of the materials—the canvas—has been so far manufactured as to be dedicated to the making of a class of articles, but this is not true of the yarn. While it is a completely manufactured article, it is, nevertheless, material for use in the manufacture of a variety of articles.

If the articles in question are dutiable as entireties, then, by analogy, wool cloth in the piece, designed to be used in the making of a suit of clothes, and silk cloth, intended to be used as lining for the clothes, would be dutiable, not separately as materials, but as entireties—probably as wearing apparel. Obviously, the wool cloth and the silk cloth are not *parts* of a suit of clothes; they are materials out of which a suit of clothes may be manufactured.

The record shows that the yarn in question was intended to be used to embroider the pieces of canvas. If, instead of yarn, the pieces of canvas had been accompanied by embroidery or embroidered articles, designed to be used together by mere assembly to form a new article of commerce, an entirely different question would be presented. However, there is a vast difference between parts, designed

to be assembled together to form an entirety, and mere materials requiring, if they are to be used together in the making of an article, that they be subjected to *manufacturing processes*. See *United States* v. *Field & Co.*, 10 Ct. Cust. Appls. 183, T. D. 38550; *Anderson & Co.* v. *United States*, 11 Ct. Cust. Appls. 107, T. D. 38751. Obviously, the pieces of cotton canvas and the yarn are not parts designed to be assembled together to make a new article; they are mere materials, suitable for use and intended to be used in the manufacture of an article. They are not, therefore, dutiable as entireties. *Anderson & Co.* v. *United States, supra.*

In our opinion the court below was right in holding that the pieces of cotton canvas were dutiable as manufactures of cotton at 40 per centum ad valorem under paragraph 921, *supra;* and that the wool yarn was dutiable at 36 cents per pound and 40 per centum ad valorem under paragraph 1107, *supra.* However, as it is necessary, in order to determine the appropriate rate for the silk yarn, to give consideration to the various provisions of paragraph 1202, involving matters more or less technical in character, and, as the collector has not given consideration to the classification of the silk yarn as such, we are unable to say that the decision of the court below, in this respect, is correct. In view of the fact that counsel for importer conceded on the trial below that the yarn—both the silk and the wool—was dutiable at the highest rate provided in the respective applicable paragraphs, and, as the minimum rate provided in paragraph 1202, *supra,* for "two or more ply yarn" (which seems to cover the silk yarn in question) is 45 per centum ad valorem, we are inclined to doubt the correctness of the trial court's holding in this respect. In view of this situation, the collector should be given an opportunity to determine the rate of duty applicable to the silk yarn in accordance with the provisions of paragraph 1202, *supra.*

For the reasons stated the judgment is *modified,* being *reversed* in so for as it holds the silk yarn dutiable at 45 per centum ad valorem, and in all other respects *affirmed.* The cause is *remanded* for proceedings consistent with the views herein expressed.