UNITED STATES *v.* H. B. THOMAS & Co. (No. 3142) [1]

---

[1] T. D. 43267.

United States Court of Customs Appeals, February 16, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and *Fred J. Carter,* special attorneys, of counsel), for the United States.
*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellee.

[Oral argument December 11, 1928, by Mr. Carter and Mr. Baldwin]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

The imported merchandise consists of pieces of cotton canvas, stamped with designs in various colors, and silk yarn and wool yarn, in corresponding colors, intended to be embroidered over the designs. The ornamental designs have been embroidered sufficiently to illustrate how the yarn is to be used. Most of the pieces of canvas are accompanied by sufficient yarn—silk in some instances and in other, wool—necessary to complete the work. Some of the pieces of canvas, however, are not accompanied by yarn. When, by the use of the yarn, the designs on the pieces of canvas have been embroidered, the embroidered articles are used as covers for cushions, chairs, etc. The pieces of canvas might properly be described as unfinished tapestries.

The merchandise was assessed for duty as manufactures in chief value of wool, at 50 per centum ad valorem under paragraph 1119 of the Tariff Act of 1922, which reads as follows:

PAR. 1119. All manufactures not specially provided for, wholly or in chief value of wool, 50 per centum ad valorem.

This assessment was made by the collector upon the theory that the merchandise was dutiable as entireties.

The importer in its protest claimed that the pieces of cotton canvas were dutiable as manufactures of cotton at 40 per centum ad valorem under paragraph 921, and that the silk yarn was dutiable at 45 per centum under paragraph 1204. No claim was made that the wool yarn was not properly assessed.

The paragraphs in question read as follows:

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

PAR. 1204. Sewing silk, twist, floss, and silk threads or yarns of any description, made from raw silk, not specially provided for, if in the gum, $1 per pound, but not less than 35 per centum ad valorem; if ungummed, wholly or in part, or if further advanced by any process of manufacture, $1.50 per pound, but not less than 40 per centum ad valorem. In no case shall the duty be assessed on a less number of yards than is marked on the goods as imported.

On the trial below, counsel entered into the following stipulation:

Mr. LAWRENCE. It is admitted that if the merchandise is dutiable as an entirety then it is dutiable as classified.

I will ask the Government attorney if he will concede that the merchandise which I will mark "Exhibit 1–A" is typical and is composed of chief value of cotton.

Mr. IGSTAEDTER. We so stipulate, stipulating only as to Exhibit 1–A.

It also appears from the record that the pieces of canvas and the yarn—wool or silk, as the case may be—are usually sold together. Sometimes, however, the pieces of canvas are sold separately.

The court below held that the merchandise was not dutiable as entireties; that the pieces of cotton canvas were dutiable as manufactures of cotton at 40 per centum ad valorem under paragraph 921, supra; and that the silk yarn was dutiable at 45 per centum ad valorem under paragraph 1202. Judgment was entered accordingly.

Paragraph 1202 reads as follows:

PAR. 1202. Spun silk or schappe silk yarn, or yarn of silk and artificial silk, and roving, in skeins, cops or warps, if not bleached, dyed, colored, or advanced beyond the condition of singles by grouping or twisting two or more yarns together, on all numbers up to and including number 205, 45 cents per pound, and in addition thereto ten one-hundredths of 1 cent per number per pound; exceeding number 205, 45 cents per pound, and in addition thereto fifteen one-hundredths of 1 cent per number per pound; if advanced beyond the condition of singles by grouping or twisting two or more yarns together, the specific rate on the single yarn and in addition thereto 5 cents per pound cumulative; if bleached, dyed, or colored, the specific rate on unbleached yarn and in addition thereto 10 cents per pound cumulative: *Provided*, That any of the foregoing on bobbins, spools, or beams, shall pay the foregoing specific rates, according to the character of the yarn or roving, and in addition thereto 10 cents per pound: *Provided further*, That none of the foregoing single yarn or roving shall pay a less rate of duty than 40 per centum ad valorem: *And provided further*, That none of the foregoing two or more ply yarn shall pay a less rate of duty than 45 per centum

ad valorem. In assessing duty on all spun silk or schappe silk yarn, or yarn of silk and artificial silk, and roving, the number indicating the size of the yarn or roving shall be determined by the number of kilometers that weigh one kilogram, and shall, in all cases, refer to the size of the singles: *And provided further:* That in no case shall the duty be assessed on a less number of yards than is marked on the skeins, bobbins, cops, spools, or beams.

The Government has appealed from the judgment below.

It is contended by counsel for the Government that the merchandise is dutiable as entireties; and that the issue here is identical with that in the case of *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266. If the merchandise is dutiable as entireties, then, in view of the stipulation entered into by the appellee, the collector's assessment must be sustained.

Counsel for the importer, however, contends that the merchandise is not dutiable as entireties, and that the pieces of cotton canvas are dutiable as manufactures of cotton under paragraph 921, *supra*, as held by the court below.

At the time the case was argued orally in this court, it was conceded by counsel for appellee that, as the protest does not cover the wool yarn, and as there is nothing in the record to show the proper classification of the silk yarn, the collector's assessment, in so far as it covers the yarn, both silk and wool, must be sustained. In any event that part of the judgment holding the silk yarn dutiable under paragraph 1202, *supra*, would have to be reversed, as no such claim is made in the protest.

We are of opinion that the merchandise is not dutiable as entireties and that the issue in this case is controlled by our decision in the case of *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266, decided concurrently herewith.

On the authority of our decision in the *Wanamaker* case, *supra*, we hold that the pieces of cotton canvas are dutiable as manufactures of cotton at 40 per centum ad valorem under paragraph 921, *supra;* and, in view of the concession of counsel for appellee, the yarn, both the silk and the wool, must be held to be dutiable as assessed by the collector, although his decision in this respect is obviously wrong.

For the reasons stated the judgment below is *modified*, being *reversed* in so far as it holds the silk yarn dutiable at 45 per centum ad valorem under paragraph 1202, and in all other respects *affirmed*.