The judgment of the United States Customs Court is *reversed* and the cause is *remanded*.

United States *v.* Kronfeld, Saunders, Inc. (No. 3517) [1]

United States Court of Customs and Patent Appeals, May 2, 1932

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. McKenna*, special attorney, of counsel), for the United States.

*Walden & Webster* (*J. L. Klingaman* and *Edward F. Jordan* of counsel) for appellee.

[Oral argument April 13, 1932, by Mr. McKenna and Mr. Jordan]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Bland, Judge, delivered the opinion of the court:

The importation involved in this appeal consists of a platinum bracelet mounting and 234 diamonds imported under the Tariff Act of 1922. The collector classified the merchandise under the jewelry paragraph, 1428, of said act, and assessed it with duty at 80 per centum ad valorem. The importer protested the classification and

[1] T. D. 45679.

assessment of duty and claimed the diamonds were dutiable at 10 or 20 per centum ad valorem under paragraph 1429 of said act as cut diamonds. No question is raised here as to the correctness of the duty levied on the bracelet mounting.

It is shown by the record that the diamonds and mounting were shipped in the same package; that the mounting contained 234 holes for the insertion of the diamonds; that the diamonds were intended for that particular mounting and were afterwards so used; that all that was necessary to convert the importation into a platinum bracelet set with 234 diamonds was for a diamond setter to set the diamonds in the holes and that such setting was regarded as skilled work.

Do the diamonds and mounting constitute an entirety? This is the sole question in the case.

The United States Customs Court, First Division, one judge dissenting, held that the merchandise was not an entirety and sustained the protest relating to the diamonds and overruled it as to the mounting.

The Government contends that the articles constitute an entirety and relies chiefly upon the decisions of this court in the cases of *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232; *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266; and *D. Salemi & Sons* v. *United States*, 19 C. C. P. A. (Customs) 43, T. D. 44892.

The appellee relies upon *United States* v. *John Wanamaker, supra,* and *United States* v. *Citroen*, 223 U. S. 407.

The Supreme Court of the United States in *United States* v. *Schoverling*, 146 U. S. 76, held that gun stocks, shipped in one vessel, and gun barrels, shipped in another, both shipped to the same person, though the two might be appropriately joined together to form a gun, did not constitute entireties. In *United States* v. *Irwin*, 78 Fed. 799, the same kind of merchandise was involved. The stocks and barrels were shipped on the same vessel to the same person. The barrels and stocks were held by the Circuit Court of Appeals, Second Circuit, to be entireties.

In the case of *United States* v. *Citroen, supra*, 37 drilled pearls, unset and unstrung, divided into 5 lots separately inclosed, all of which had at one time been on a single string in the form of a necklace and had been worn as such, shipped into this country unstrung and without a clasp, all to the same person, were held to be pearls in their natural state not strung nor set and were held not to be jewelry and parts thereof, finished or unfinished.

In the *Altman* case, *supra,* this court held untrimmed cotton corsets and lace trimmings, which came without laces, enclosed in a pasteboard box, to be entireties. The folded pieces of lace trimmings, about 4 feet long, together with pink satin-ribbon bows,

equal to the number of corsets, were separately wrapped but contained in the same package as the corsets. In holding the merchandise to be entireties this court, after reviewing the authorities at length, said—

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

In *United States* v. *John Wanamaker, supra,* decided by this court, the imported merchandise consisted of pieces of cotton canvas stamped with designs in various colors, and silk yarn and wool yarn, in corresponding colors, intended to be embroidered over the designs. Each bundle of yarn—silk or wool—was imported with the particular canvas on which it was designed to be used. After embroidery the embroidered article was used for making hand bags, cushions, etc. The canvas and the yarn were sold together. This court, after pointing out that in the *Altman* case, *supra,* the trimmings and corsets were regarded as parts designed to be used together by mere assembling, held the canvas and the yarn not to constitute an entirety and said—

The pieces of cotton canvas and the yarn—silk in some instances and in other, wool—are not "parts" capable of being attached or put together by mere assembly. On the contrary, they are mere materials and are intended to be used as such in a process of manufacture, requiring either hand work or machine work to complete the article. It may be that one of the materials—the canvas—has been so far manufactured as to be dedicated to the making of a class of articles, but this is not true of the yarn. While it is a completely manufactured article, it is, nevertheless, material for use in the manufacture of a variety of articles.

If the articles in question are dutiable as entireties, then, by analogy, wool cloth in the piece, designed to be used in the making of a suit of clothes, and silk cloth, intended to be used as lining for the clothes, would be dutiable, not separately as materials, but as entireties—probably as wearing apparel. Obviously, the wool cloth and the silk cloth are not *parts* of a suit of clothes; they are materials out of which a suit of clothes may be manufactured. (Italics quoted.)

In *D. Salemi & Sons* v. *United States, supra,* merchandise consisting of silk bedspreads and silk fringes, imported together designed to be attached and used together, was held to be entireties. They were sold together and could not be bought separately. The fringes were of the proper length and color for use on the spreads. This court held:

The involved fringes were made in proper lengths, matched as to color, and designed to be used with the imported spreads. There is no testimony in the record that they could be used in their imported condition for any other purpose. Furthermore, as imported, the bedspreads were in an unfinished condition. They were designed to be finished by attaching the silk fringes thereto, and, when attached, the fringes are essential parts of the bedspreads and are no longer fitted for any other purpose. Neither a bedspread nor a fringe designed to be

used thereon is complete without the other, and, when united, they merge to form a new article. We are of opinion, therefore, that the merchandise was properly assessed as entireties. *Altman & Co.* v. *United States, supra; United States* v. *N. S. Meyer (Inc.)*, 18 C. C. P. A. (Customs) 291; T. D. 44381.

The foregoing authorities clearly establish that when two or more parts of an article are shipped together and are intended to be used together as one article, and by mere assembly they are made into one article, they shall be regarded as entireties for tariff purposes. The record in this case shows by a fair inference that the bracelet mounting was suitable for use as such only when fitted with 234 diamonds. The fitting of the stones, as far as this record shows, involved only the attachment of the same to the mounting. That the assembly required skill and some labor is unimportant. The assembly of some large machines that come into this country requires great skill and much labor, and yet it would be idle to contend that the whole of the assembled parts did not constitute an entirety. This case is not on all fours with the *Wanamaker* case, *supra*, where the yarns and canvas clearly constituted nothing more than mere material with which a figure was to be embroidered. There more than assembly was required to form the article. There independent work was required other than that required for putting two finished parts together.

As to just how much labor may be expended in fitting the article for the assembly without destroying the quality of the combination as an entirety is not before us on this record.

We conclude that the diamonds and the bracelet mounting as imported in the case at bar constituted a bracelet which is commonly known to be jewelry. *United States* v. *Cartier (Inc.)*, 15 Ct. Cust. Appls. 334, T. D. 42493; *United States* v. *Flory & Co.*, 15 Ct. Cust. Appls. 156, T. D. 42219.

The protest should have been overruled. The decision of the United States Customs Court is *reversed*.