UNITED STATES v. JOHN WANAMAKER (PHILA.), INC. (No. 3664)[1]

United States Court of Customs and Patent Appeals, November 6, 1933

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

---

[1] T.D. 46779.

[Oral argument October 10, 1933, by Mr. Lawrence and Mr. J. Stuart Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The Government has here appealed from a judgment of the United States Customs Court, sustaining appellee's protest against the classification and assessment with duty by the collector at the port of Philadelphia of six solid silver frames for use in the manufacture of ladies' hand bags. All of the imported frames were set with "real stones."

The articles were classified by the collector as jewelry under subsection (a) (2) of paragraph 1527 of the Tariff Act of 1930 and assessed with duty accordingly. Appellee duly protested such classification, making several claims, one of which was that the merchandise was classifiable under paragraph 1527 (d) of said act.

The only testimony offered in the court below was that of one witness in behalf of appellee; the Government offered no testimony.

The Customs Court held that the merchandise was not jewelry, and that the collector erred in so classifying it. It further found that the merchandise consisted of "materials of metal", suitable for use in the manufacture of hand bags, and classifiable under said paragraph 1527 (d) at 80 per centum ad valorem. Judgment was entered accordingly, and from such judgment the Government takes this appeal.

Appellee filed no brief in this court, but its counsel made a short oral argument before us.

The Government assigns no error in the finding of the Customs Court that the merchandise is not jewelry and was therefore improperly classified by the collector, and in a motion for rehearing there, and upon argument here, expressly conceded that said holding of the lower court was correct. The Government claims, however, that the Customs Court erred in holding that the merchandise was dutiable under said paragraph 1527 (d) and further claims that it was dutiable under paragraph 1527 (c) (2), and that, appellee not having claimed classification under said paragraph 1527 (c) (2), the judgment of the lower court should be reversed without affirming the classification of the collector.

The only issue before us, therefore, is whether the merchandise is classifiable under said paragraph 1527 (d), as found by the Customs Court, or under paragraph 1527 (c) (2), as contended for by the Government. It is clearly dutiable under one of these provisions.

The pertinent provisions of the competing subdivisions of said paragraph 1527 read as follows:

PAR. 1527. * * * (c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person,

such as and including * * * mesh bags and purses, * * * and like articles; all the foregoing and parts thereof, finished or unfinished:

* * * * * * *

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls, 1 cent each and in addition thereto three fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

(d) Stampings, galleries, mesh, and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, if of gold or platinum, 75 per centum ad valorem; if of other metal or metals, plated or unplated, 80 per centum ad valorem.

To state the issue still more particularly, it appears to be one of whether the solid silver bag frames involved are, for tariff purposes, parts of ladies' hand bags, or are materials suitable for use in the manufacture of ladies' hand bags.

There is practically no controversy about the facts in the case. The frames were imported to be used solely in the making of ladies' hand bags by putting velvet and brocade upon them. They were dedicated solely to the making of ladies' hand bags and were not suitable for any other purpose. The Customs Court held, in substance, and we think correctly, that the completed articles are articles like mesh bags and purses. As imported, the frames are finished as frames; to make the complete bag it is necessary only to put the material which is to compose the body of the bag upon the frames. In our opinion, therefore, the frame is a finished part of a lady's hand bag.

We think it proper to state that the finding of the Customs Court with respect to the applicable paragraph of said tariff act was made at a time when the only issue, so far as the record discloses, was broadly between "jewelry" and "material". It was upon its motion for rehearing that the Government presented the issue which has now become the only issue in the case and is properly before us.

We are of the opinion that the merchandise, from a tariff standpoint, consists of parts of articles, to wit, ladies' hand bags, which are articles like mesh bags and purses, and the frames are not *materials* of metal suitable for use in the manufacture of ladies' hand bags. Paragraph 1527 (c) specifically provides for parts of articles covered by the paragraph; therefore the frames here involved fall within its provisions.

Supporting this view are the cases of *United States* v. *Cartier, Inc.*, 15 Ct. Cust. Appls. 334, T.D. 42493; and *United States* v. *Cohn & Rosenberger, Inc.*, 19 C.C.P.A. (Customs) 137, T.D. 45259.

Counsel for appellee, upon oral argument, cited in support of the decision of the Customs Court the cases of *United States* v. *Borrelli & Vitelli,* 19 C.C.P.A. (Customs) 291, T.D. 45467; and *United States* v. *Cartier, Inc.,* 20 C.C.P.A. (Customs) 215, T.D. 45994. We find nothing in these cases to support a conclusion contrary to that which we have reached.

In accordance with the views hereinbefore expressed, the judgment of the United States Customs Court is *reversed,* without approval, however, of the classification made by the collector.