BEFORE THE FIRST DIVISION, MARCH 8, 1956

**No. 59750.**—Cody Manufacturing Co., Inc., and Rohner Gehrig & Co., Inc. *v.* United States, protest 254913–K (New York).

OLIVER, Chief Judge: This case relates to merchandise identified on the invoice as follows:

3,000 musical movements
3,000 dolls
3,000 brass tubes
3,000 blocking screws

The "musical movements" were assessed with duty at the rate of 20 per centum ad valorem under paragraph 1541 (a) of the Tariff Act of 1930, as modified by the trade agreement with Switzerland, T. D. 48093, as parts of music boxes, not specially provided for. The remaining items were assessed with duty at the rate of 35 per centum ad valorem under the provision for dolls in paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52857.

Plaintiffs claim that all of the enumerated items are properly classifiable as parts of music boxes and dutiable at the rate of 20 per centum ad valorem under paragraph 1541 (a), as modified, *supra*. In other words, plaintiffs contend that the provision for parts of music boxes, invoked by the collector for the "musical movements," should apply to all of the merchandise covered by the shipment in question.

The sole witness was the secretary of the Cody Manufacturing Co., the importer of the merchandise under consideration. After identifying samples of the four items in question, the witness stated that they were manufactured in Switzerland in accordance with specifications that he prepared from an article that was manufactured in this country. The witness' uncontradicted testimony establishes that all of the imported merchandise is exclusively used in a particular kind or type of music box manufactured by his company. The evidence before us—oral testimony, coupled with the samples (plaintiffs' exhibits 1, 2, 3, and 4)—will support the following description of the music box, of which all of the imported items are integral parts.

The music box, with which we are concerned, consists of a plywood base, approximately 4 inches in diameter, and a so-called "cut-out shell" (metal case), that fits into the wooden base. Those articles, which are of domestic manufacture, serve as the means for assembly of the four imported items into the complete music box. The "musical movement" (plaintiffs' illustrative exhibit 1) is fastened

to the plywood base with screws. The movement, *per se*, consists of a metal cylinder, with minute pegs projecting from the surface. As the cylinder revolves, small metal teeth strike the pegs, thereby reproducing musical tones. Permanently attached to the metal frame, on which the "musical movement" is compactly arranged, is a metal platform, approximately three-eighths of an inch square, which, by means of a metal arm, contacts a special gear attached to the metal cylinder. The "brass tube" (plaintiffs' exhibit 3), three-fourths of an inch in length and one thirty-seconds of an inch in diameter, is soldered to the "cut-out shell" in such a manner that the tube extends upward through the center of the shell (plaintiffs' illustrative exhibit 5). The "doll" (plaintiffs' exhibit 2) is a miniature female figure, 2 inches high, composed of plastic material, and garbed to simulate a ballet dancer. Extending downward from the torso, and permanently affixed thereto, is a pointed metal shaft, 2¾ of an inch long. The metal shaft fits into the brass tube (exhibit 3, *supra*), so that the loosely hanging legs of the plastic figure barely touch the top of the metal shell, which is the housing for the movement (illustrative exhibit 1, *supra*). The blocking screw (plaintiffs' exhibit 4) is fitted to the lower end of the pointed metal shaft from which the plastic figure is suspended. A hollow transparent plastic covering, also of domestic manufacture and made to fit over the dancing figure and into the cut-out shell (illustrative exhibit 5, *supra*), completes the finished music box (plaintiffs' illustrative exhibit 6). In its completed form, the music box measures approximately 4 inches in diameter and about 6 inches in height.

The music box is operated by winding with a key that projects through the bottom of the wooden base. When the movement is wound and released, musical sounds or melodies are emitted, and the metal platform, that is attached to a gear connected with the musical movement, is raised and lowered. This movement of the metal platform causes the metal shaft, to which the plastic figure is attached, to move and whirl in such a manner as to give the effect of a dancing figure. All of the imported items, as ultimately assembled with those of domestic manufacture, are essential to complete the commercial entity, recognized in the trade as a music box.

The tariff principle applicable herein was succinctly stated in *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C. D. 1619, as follows:

* * * if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

The items in question are so designed and are of such peculiar construction that each one is necessary for use in connection with the other items to perform their function as parts of the music box, illustrative exhibit 6, *supra*. The assembly of the imported articles and their use as parts of the completed unit subordinate their individual identities. They become integral parts of a commercially salable entity, namely, a specific type of music box consisting not only of the basic musical movement but also embodying a specially constructed metal platform by which the movements of the plastic figure are controlled, so that, when musical tones are emitted, the plastic figure, through operation of the metal platform, has the effect of dancing to the rhythm of the music. The music box, in its finished condition, possesses both ear and eye appeal.

The case of *Cody Manufacturing Co., Inc., et al.* v. *United States*, 33 Cust. Ct. 377, Abstract 58428, the record in which was incorporated herein, is distinguishable from the present one. The cited case related only to one item, a plastic figure like that involved herein (exhibit 2, *supra*). The present case, involving, as it does, all of the mechanical features of a particular style of music box, including

the plastic figure attached to a metal shaft, presents a different situation from that which was before us in the *Cody Manufacturing Co., Inc., et al.* case, *supra.* Hence, the reasoning followed and the conclusion reached therein do not apply herein.

The cases of *Thorens, Inc.* v. *United States,* 31 C. C. P. A. (Customs) 125, C. A. D. 261, and *Lador, Inc.* v. *United States,* 4 Cust. Ct. 123, C. D. 304, were cited in our decision in the incorporated case. Both of those cases involved merchandise that consisted of a music box in combination with another article which, *of itself,* served a utilitarian purpose. In the *Thorens, Inc.* case, the imported article was a toilet paper holder, equipped with a music box mechanism that played a tune when the roll was operated. The *Lador, Inc.,* case involved a Christmas tree holder, the base of which enclosed a musical mechanism. In each of these cases, the provision for music boxes was held not to apply, because the merchandise involved was essentially an article dedicated to a utilitarian use, and the music box, as combined therewith, was designed for entertainment. In the present case, the situation is different. Here, the imported items, coupled with parts of domestic manufacture, complete the commercial entity, a particular style of music box, and, unless the articles in question are properly fitted in the music box of which they are integral parts, they are utterly worthless. Unlike the merchandise that was involved in the *Thorens, Inc.,* and *Lador, Inc.,* cases, there can be no division or removal of any of the components of the music box the subject of the present controversy.

On the present record, and for all of the reasons hereinabove set forth, we hold the merchandise in question to be parts of music boxes, not specially provided for, and dutiable at the rate of 20 per centum ad valorem, under paragraph 1541 (a), as modified, *supra,* as claimed by plaintiffs.

The protest is sustained and judgment will be rendered accordingly.