BEFORE THE SECOND DIVISION, JUNE 12, 1958

**No. 62079.**—John A. Steer Co. v. United States, protest 286080–K (Philadelphia).

LAWRENCE, Judge: The merchandise to which this case relates is described in the record as "cable carrier drag chain" and one spare drag chain. It was classified by the collector of customs as articles in chief value of metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and duty was imposed thereon at the rate of 22½ per centum ad valorem.

The plaintiff makes various claims for lower rates of duty but relies upon the provision in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by said General Agreement on Tariffs and Trade, for classification as parts of machine tools, dutiable at the rate of 15 per centum ad valorem.

The pertinent text of the competing statutory provisions, above referred to, is here set forth:

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

 \*  \*  \*  \*  \*  \*  \*

 Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

 \*  \*  \*  \*  \*  \*  \*

  Other (except slide fasteners and parts thereof)\_\_ 22½% ad val.

Paragraph 372, as modified, *supra*:

Machine tools (except jig-boring machine tools) _____ 15% ad val.

 \*  \*  \*  \*  \*  \*

Parts, not specially provided for, wholly or in chief value of metal or procelain, of articles provided for in any item 372 of this Part:

 \*  \*  \*  \*  \*  \*  \*

 Other_____ The same rate of duty as the articles of which they are parts

Paragraph 372 of the basic act contains the following provision:

\* \* \* That machine tools as used in this paragraph shall be held to mean any machine operating other than by hand power which employs a tool for work on metal.

At the trial, the case was submitted upon an oral stipulation of the parties in which it was agreed, among other things, that the merchandise is "\* \* \* in chief value of metal intended for use with a #300 hot saw, which saw employs a tool for work on metal and is so used and made to importer's specifications, which imported article is illustrated in the two below identified proffered exhibits."

Illustrative exhibit 1 is a pamphlet containing descriptive matter relating to the imported commodity.

Illustrative exhibit 2 is a blueprint, designed to show how the "drag chain" appears from a sideview when in use, "the upper end being attached to the rear of the saw carriage (which moves back and forth) and the other end in a fixed position in a channel."

It was further stipulated and agreed:

(A) That the imported article is designed with hinged three-hole separating plates to permit the placing and clamping securely of three flexible armored electrical cable. The power leads of the cable are connected to the saw mechanism and the imported "drag chain" lead link is fastened to the rear of the saw carriage. The function of the said imported article is to confine and protect three flexible armored seven-conductor electric high-voltage cables in conjunction with the forward and reverse traverse of the saw carriage.

(B) * * * that the imported merchandise is designed to protect cables from contact with each other and/or the machine action or any other object detrimental to the safe and efficient operation of the equipment. Such cables, if unprotected, would tend to scrape together or to form too great or too small an arc, resulting in time to short circuits or cable breakage.

(C) * * * that the above specified hot saw is a machine tool as defined in paragraph 372 of the same act.

(D) * * * that the above-specified saw carriage is an essential and integral part of #300 hot saw without which said saw could not operate efficiently for its designed purpose.

Since it is not disputed that the subject merchandise "is an essential and integral part of #300 hot saw without which said saw could not operate efficiently for its designed purpose" and that "the above specified hot saw is a machine tool as defined in paragraph 372," we are clearly of the opinion that the importation is properly classifiable in said paragraph 372, as modified, *supra*, as "Parts [of machine tools], not specially provided for, wholly or in chief value of metal * * *," and dutiable at the rate of 15 per centum ad valorem, as claimed by plaintiff, upon the authority of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851. The court there stated:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*. *Welte & Sons* v. *United States*, 5 Ct. Cust. Appls. 164, T. D. 34249; *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T. D. 41673; *Peter J. Schweitzer, Inc.* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872, and cases cited therein; *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266. [Italics quoted.]

Upon the record and for the reasons above stated, the claim of the importer for classification in said paragraph 372, as modified, *supra*, is sustained and judgment will issue accordingly.