(C. D. 1304)

Ratsey Lapthorn, Inc. *v.* United States

United States Customs Court, Second Division

(Decided February 20, 1951)

*Sharretts, Hillis & Paley (Howard C. Carter* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before Lawrence and Rao, Judges; Ford, J., not participating

Lawrence, Judge: The question here presented for our determination is the proper classification of certain piston hanks, spinnaker swivels, plain swivels, grommets, and thimbles which are utilized exclusively in the manufacture of sails for pleasure yachts. The thimbles were classified by the collector of customs as articles or wares not specially provided for, composed of metal, upon which duty was assessed at the rate of 45 per centum ad valorem in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397). The remaining articles were similarly classified by the collector, and, in addition thereto, a copper tax of 3 cents per pound, as provided in section 3425 of the Internal Revenue Act (26 U. S. C. § 3425), was imposed. The copper tax referred to is not challenged.

It is the contention of plaintiff that the merchandise should have been classified within the provisions of paragraph 370 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 370) as parts of motorboats and duty assessed thereon at the rate of 30 per centum ad valorem.

The only witness in the case was Mr. Ernest Ratsey, president of the plaintiff corporation, which began business in 1790. He testified in

general that the business of the company is the making of sails for yachts which are not used in trade or commerce, but for pleasure boats; that he obtains orders and attends "to the giving out and the starting of the sails, and follow through the various stages of workmanship until the sails are completed, and very often I have to go on the yachts themselves to observe how the sails act"; that he is the co-author of a book entitled "Yacht Sails, Their Care and Handling," which was marked exhibit 1 for identification. Some of the articles in controversy and the use to which they are put are illustrated therein. Mr. Ratsey further testified that he had delivered lectures on sails and sailmaking. For illustrative purposes, the witness produced a sail which "takes care of the piston hanks, the grommets, and the galvanized thimbles" which form a portion of the importation under consideration. The sail was marked in evidence as exhibit 2. Exhibits 3 and 8 represent piston hanks; exhibit 4, a grommet; and illustrative exhibits 5 and 6 and exhibit 7 depict thimbles. Collective exhibit 9 represents spur teeth grommets, while exhibits 10 and 11 are representative of swivels.

The articles above described, with the exception of the sail, are claimed by plaintiff to be within the purview of paragraph 370, *supra*. The sail (exhibit 2) illustrates in concrete form how the various exhibits are adjusted for use on sailboats. Based upon his 28 years' experience in the sailmaking business, Mr. Ratsey testified that the piston hanks (exhibits 3 and 8) permit the sails to be snapped on the wire rigging; that the grommets (exhibit 4 and collective exhibit 9) hold the wooden battens in the pockets; that the spinnaker swivels "allow the turns to run out of the sails," so that when the spinnaker billows it has no turns; that wire rope is wrapped around the thimbles to secure the wire in the sail; that when the articles are so used, each one is essential and necessary to the completion of the boat upon which they are used; that a sailboat is not a complete article of commerce when not accompanied by sails and rigging; and that he knows of no use for these articles outside the sailmaking industry.

Paragraph 370 of the Tariff Act of 1930, relied upon by plaintiff, so far as pertinent here, reads:

PAR. 370. * * * motor boats, and parts of the foregoing, 30 per centum ad valorem. The term "motor boat," when used in this Act, includes a yacht or pleasure boat, regardless of length or tonnage, whether sail, steam, or motor propelled, owned by a resident of the United States or brought into the United States for sale or charter to a resident thereof, whether or not such yacht or boat is brought into the United States under its own power, but does not include a yacht or boat used or intended to be used in trade or commerce, * * *.

In support of its contention that the articles in controversy are parts of motorboats within the contemplation of paragraph 370,

*supra*, plaintiff cites several cases on the principle that a "part" of an article is an integral and constituent component without which the article to which it is to be joined could not function as such article. One of the leading cases in which this doctrine was applied is *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851. Other cases cited by plaintiff are *Welte & Sons* v. *United States*, 5 Ct. Cust. Appls. 164, T. D. 34249; *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T. D. 41673; *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872; and *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266.

We deem the doctrine above announced to be so well settled that further discussion or elaboration of the subject is unnecessary. The evidence is clear and uncontradicted that the articles the subject of this protest are used solely in conjunction with the sails of yachts as a part of the rigging, and that they become integral, constituent parts thereof and essential to the completion of the sailboat. No evidence was introduced to controvert that presented by the plaintiff, and no brief has been filed in support of the collector's classification.

A case which presented a question somewhat analogous to that now before us for consideration is *Myers & Co.* v. *United States*, 12 Ct. Cust. Appls. 350, T. D. 40490. The court there held that certain main and auxiliary driving rods for locomotives were not classifiable as parts of "wheels for railway purposes," which were provided for in paragraph 324 of the Tariff Act of 1922, and that this conclusion was in no way affected by the consideration that they were essential to the operation of the driving wheels. The court agreed with the contention of the Government in that case that the driving rods were parts of locomotives, and, there being no provision for locomotives in the statute then in force, the articles were held to be within the provision of paragraph 399 of the Tariff Act of 1922 for articles or wares not specially enumerated, composed wholly or in chief value of metal. It would seem by analogy that the articles before us for consideration, whether or not they are finished parts of sails, are in fact parts of sailboats.

Upon the record as presented we hold that the various piston hanks, swivels, grommets, and thimbles, whose classification is challenged by this protest, are integral, constituent, and component parts of sailboats, without which a sailboat could not function as such. Consequently, the articles are properly dutiable at 30 per centum ad valorem, as provided in said paragraph 370, as claimed by plaintiff.

In accordance with the views above expressed, the protest is sustained, and judgment will be entered accordingly.