**WICO CORPORATION**

v.

**UNITED STATES.**

C.D. 3376; Protest No. 66/30718–1664.

United States Customs Court,
First Division.
March 27, 1968.

Schwartz & Lidstrom, Chicago, Ill. (Earl R. Lidstrom and Joseph Schwartz, Chicago, Ill., of counsel), for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Irving A. Mandel and Alfred A. Taylor, Jr., New York City, trial attys.), for defendant.

Before WATSON and MALETZ, Judges.

MALETZ, Judge:

The issue in this case concerns the proper classification of ebonite balls measuring 4½ inches in diameter which are used in coin-operated bowling machines. The articles were classified by the collector of customs under Item 735.12 of the Tariff Schedules of the United States as "Other balls for games * * * not provided for in the foregoing provisions of this subpart" and assessed with duty at the rate of 15 percent ad valorem. Plaintiff claims that the balls are properly classifiable under Item 734.20 as parts of "Game machines, including coin * * * operated game machines," dutiable at the rate of 11½ percent ad valorem.

Reproduced below are the provisions of the Tariff Schedule involved:

## SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NONENUMERATED PRODUCTS

### Part 5.—Arms and Ammunition; Fishing Tackle; Wheel Goods; Sporting Goods, Games and Toys

#### Subpart D.—Games and Sporting Goods

| Item | Articles | Rates of Duty |
|---|---|---|
| 734.20 | Game machines, including coin or disc operated game machines and including games having mechanical controls for manipulating the action, and parts thereof | 11.5% ad val. |
| * | * * * * * * | |
| | Beach balls, play balls, toy balls, and other balls for games and sports, not provided for in the foregoing provisions of this subpart. | |
| * | * * * * * * | |
| 735.12 | Other | 15% ad val. |

———◆———

The record consists of a sample exhibit of the balls in question; a further exhibit illustrating a machine in conjunction with the balls; and the testimony of one witness—presented by plaintiff—who was in charge of engineering for plaintiff, in which capacity he designed parts for vending and coin-operated machines. His testimony was to the following effect: The balls are used in a type of coin-operated bowling machine that is found in recreation halls, taverns, arcades, etc. A coin is inserted into the machine and the machine releases a number of balls, usually three. These are released from the back panel and roll down a channel to the right side of the bowler. The bowler rolls the balls toward the pins. As pins are struck, electrical contacts are activated, which in turn set in motion a mechanism showing the score. There is a relationship between the pins, the machine, and the balls in that the pins are spaced to receive the ball and the channel into which the balls fall and the elevator which lifts the balls are designed to the size of the ball. There is no other known use for these balls, and the machine cannot be operated without the use of a ball.

 The problem in this setting is to determine whether or not the balls are

"parts" of a coin-operated bowling machine. It is fundamental that, to be classified as a "part," an item must be manufactured and dedicated solely for use on a particular article and be useful for no other purpose. E. g., Davies Turner & Co. v. United States, 13 Cust. Ct. 190, 198–99, C.D. 893 (1944), and cases cited; Lodge Spark Plug Co. v. United States, 49 Cust.Ct. 158, C.D. 2379 (1962). Second, the item must be "an integral, constituent or component part, without which the article * * * could not *function as such article.*" [Emphasis quoted.] United States v. Willoughby Camera Stores, Inc., 21 CCPA 322, 324, T.D. 46851 (1933), and cases cited. See also e. g., United States v. Pompeo, 43 CCPA 9, 11, C.A.D. 602 (1955); Ratsey Lapthorn, Inc. v. United States, 26 Cust. Ct. 84, C.D. 1304 (1951). Lastly, it is not necessary that an item be physically attached to the machine itself in order to constitute a part. Steel, Inc. v. United States, 24 CCPA 423, T.D. 48872 (1937); Ster-Wood Corp. v. United States, 49 Cust.Ct. 302, Abstract 67196 (1962); The Rembar Co., Inc. v. United States, 57 Cust.Ct. 239, C.D. 2774 (1966).

■■ Against this background, the record establishes that the only use of the imported ball, measuring this size and made of ebonite, is as a part of a bowling game machine. The record also establishes that these machines cannot be operated as bowling game machines or the bowling game played without these balls, since the mechanical pins against which the player rolls the ball, and other operating and moving parts of the machine, are specially designed to receive and move these balls through the machine. Defendant states, however, that the balls serve only to trigger and start the mechanical operation of the machine, but play no part in the mechanical operation, from which it argues that they are, therefore, not parts of the coin-operated bowling machine itself. But the test of what constitutes a part is not whether the item plays a role in the mechanical operation of the machine; the test (as we have seen) is whether

the item is essential to the proper functioning of the machine in its usual manner. Thus, in United States v. Bosch Magneto Co., 13 Ct.Cust.Appls. 569, 572, T.D. 41434 (1926), our appellate court held that automobile horns (which obviously play no part in the mechanical operation of an automobile) were parts of automobiles on the ground that "the use of a horn or some other sounding device is usually so essential to the safety of the operator of the car and to the public in general as to make its use almost indispensable." To like effect, in Ster-Wood Corp. v. United States, supra, 49 Cust.Ct. 302, this court held that trays and inserts for holding dishes and glasses in electrical dishwashing machines were parts of the machines though they too played no part in the mechanical operation of the machine. As the basis for this holding, the court pointed out: "[A] dishwasher could not function properly without the imported articles. Some device is necessary to hold the dishes in place and separated while they are subject to water spraying. Otherwise, and with only water pressure, dishes would not be washed sufficiently clean, and the washing machine would not perform efficiently." Id. at 303. See also e. g., Gallagher & Ascher Company v. United States, 52 CCPA 11, C.A.D. 849 (1964); The Rembar Co., Inc. v. United States, supra, 57 Cust.Ct. 239. Similarly here, while the imported articles play no part in the mechanical operation of the machine itself, the crucial consideration is that they are indispensable to the functioning of that machine as a bowling game machine, and thus are necessarily "parts" of that machine.

■■ Defendant further asserts that the ball in issue is "ebony," and that the bowling game can be played with a hard rubber ball of the same size as the "ebony" ball. It argues that since the imported "ebony" ball is not the only ball which can start the machine functioning and with which the game can be played, it is not essential to the operation or functioning of the bowling machine and,

therefore, is not a part of the machine. The contention is without merit. In the first place, defendant is in error in asserting that there are two kinds of balls involved here—one made of "ebony" and one made of hard rubber—which error is based on the mistaken assumption that ebonite is "ebony." Ebony is wood. Ebonite is hard rubber. See Webster's New International Dictionary (2d ed., 1957). In actuality, the imported ball and the hard rubber ball referred to by defendant are one and the same. But even if there were two kinds of balls involved (one made of "ebony" and one made of hard rubber), both types of balls could constitute parts of the bowling game machines. "[T]he mere fact that two articles each serving the same purpose may be optionally used for the completion of a machine does not prevent each of said articles from being a part of a machine. * * * [I]n order for an article to be a part of a machine, it is not necessary that there be no substitute for such article." Steel, Inc. v. United States, supra, 24 CCPA at 426. See also Ster-Wood Corp. v. United States, supra, 49 Cust.Ct. at 304.

Finally, defendant argues that even assuming that the imported balls are parts of game machines, General Headnote 10(ij) of the Tariff Schedules precludes their classification as a part. The headnote provides that for purpose of the Schedules—

a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

Headnote 10(ij) is not applicable, however, since the scope of Item 735.12 covers certain balls only, namely balls which are not provided for in any provision preceding Item 735.12 in Subpart D. Put otherwise, the imported articles are provided for in a foregoing provision of Subpart D and are thus expressly excluded from inclusion in Item 735.12. Furthermore, General Headnote 10(ij) is a rule of general application and must yield to the specific language in the Schedules when the language in the Schedules is contrary to the general rule. We hold, in summary, that the articles in question are properly classifiable under Item 734.20 as parts of game machines, dutiable at the rate of 11½ percent ad valorem. The protest is sustained and judgment will be entered accordingly.